UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL STEWART,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | Civil Action No. 24-8215 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

  This matter comes before the Court upon Respondent United States of America's ("Respondent") motion for an extension of time to file Respondent's answer and for a limited waiver of attorney-client privilege. (ECF No. 5.) On July 30, 2024, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (ECF No. 1.) Petitioner's Petition raises claims of ineffective assistance against his former defense counsel, Michael Robert Rosas, Esq. ("Rosas"). (*See id.*)

  The Court ordered Respondent to file a full and complete answer to Petitioner's Petition. (ECF No. 4.) On January 10, 2025, Respondent filed the instant motion for an order declaring limited waiver of Petitioner's attorney-client privilege with Rosas. (ECF No. 5.) Respondent seeks an order granting them permission to interview Rosas and directing counsel to meet with the Government for these interviews. (*Id.*) The Government also requests an extension of time to file their answer. (*Id.*)

  The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue. *See Emmanouil v. Roggio*,

499 F. App'x 195, 201 (3d Cir. 2012); *U.S. Fire Ins. Co. v. Asbestopsray, Inc.*, 182 F.3d 201, 212 (3rd Cir. 1999); *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Rhone-Poulenc Rorer Inc. v. Home Indent. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *2-3 (D.N.J. Apr. 19, 2018). Where a habeas petitioner "claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Ragbir*, 2018 WL 1871460 at *2 (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)). This waiver, however, is not unlimited in scope - the petitioner claiming ineffective assistance impliedly waives attorney-client privilege only "with respect to communications with his attorney necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978; *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (courts "must impose a waiver no broader than needed to ensure fairness of the proceedings before it"); *Ragbir*, 2018 WL 1871460 at *2 (implied waiver limited "to attorney-client communications that are necessary for the resolution of the claims at hand").

Because Petitioner has placed defense counsel's representation of him at issue by raising claims of ineffective assistance of counsel, this Court finds that Petitioner has waived his attorney-client privilege as to any communications with counsel "necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978. The Government's request for a finding of limited waiver of privilege and for permission to interview Petitioner's prior defense counsel, Michael Robert Rosas, Esq., shall, therefore, be granted.

The Court having considered the request, and for good cause shown,

**IT IS** on this 14th day of January 2025,

**ORDERED** that the Respondent's motion (ECF No. 5) is **GRANTED**; it is further

**ORDERED** that this Court finds that Petitioner has impliedly waived attorney-client privilege as to any and all communications related to the allegations of ineffective assistance of counsel raised in Petitioner's motion to vacate sentence; it is further

**ORDERED** that the Government may interview Petitioner's prior defense counsel, Michael Robert Rosas, Esq., regarding information directly related to Petitioner's ineffective assistance of counsel claims prior to filing their answer; it is further

**ORDERED** that Rosas shall appear for an interview by the representatives of the United States Attorney's Office for the District of New Jersey at a time and place to be mutually agreed upon by Rosas and the United States Attorney's Office and shall provide the Government with documents or other evidence in their possession that are relevant Petitioner's ineffective assistance of counsel claims. The interview shall be scheduled and conducted as promptly as possible; it is further

**ORDERED** that the United States is directed to file its answer to the Petition within ninety (90) days of the date of this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order on Respondent electronically and on Petitioner by regular mail.

HONORABLE JULIEN XAVIER NEALS
United States District Judge