UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL STEWART,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 24-8215 (JXN)<br><br>**MEMORANDUM & ORDER** |

**NEALS**, District Judge

*Pro se* Petitioner Michael Stewart ("Stewart" or "Petitioner") seeks default judgment (ECF Nos. 10, 13) on his motion to vacate, which he brings pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). The United States of America (the "Government") opposed the motion. (ECF No. 12.) For the reasons explained below, the Court denies the motion for default judgment (ECF Nos. 10, 13) and directs the United States of America (the "Government") to answer the § 2255 motion within forty-five (45) days.

On November 26, 2024, the Court directed the Government to file an answer to Petitioner's § 2255 motion. (ECF No. 4.) On April 8, 2025, the Government requested an additional sixty (60) days to respond to the § 2255 motion (ECF No. 8), which the Court granted (ECF No. 9). The Government did not file its answer within the time provided, and Petitioner filed his first motion for default judgment. (ECF No. 10.) The Government opposes the motion for default judgment and requests an extension of time to submit its answer. (ECF No. 12.) The Government acknowledges its responsibility for failing to file the answer and explains that this matter was not immediately reassigned after the U.S. attorney assigned to the case left the office. (*Id. at 2.*) Thereafter, Petitioner filed a second motion for default judgment. (ECF No. 13.)

The Court finds that Petitioner is not entitled to default judgment. From the outset, an entry of default by the clerk is a prerequisite to a default judgment. *See* Fed. R. Civ. P. 55(a); *Kaetz v. United States*, Civil No. 22-1003 (KM), 2022 WL 14844131, at *4 (D.N.J. Oct. 25, 2022). Here, Petitioner failed to request an entry of default by the Clerk of the Court in accordance with Fed. R. Civ. P. 55 and receive that entry of default prior to filing his motions for default, and, thus, Petitioner's motions for default judgment are premature.

Further, "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63). A court considering entry of a default judgment must exercise its discretion in light of three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Petitioner does not address these factors and bases his motion for default judgment solely on the government's failure to file a timely answer to his § 2255 motion. The Third Circuit has held, however, that the government's failure to respond to a § 2255 motion does not entitle the

petitioner to a default judgment. *See*, *e.g.*, *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) (not precedential) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment.") (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)); *see also Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016) ("Default judgment is inapplicable in the habeas context."), *certificate of appealability denied sub nom.*, *Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017). This is so because "[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). Ultimately, "entry of default is inappropriate in habeas cases where the government simply fails to file a timely answer." *Hills v. United States*, No. CV 22-289 (MCA), 2023 WL 9039516, at *2 (D.N.J. Dec. 29, 2023). Therefore, the Court denies Petitioner's motions for default judgment. Accordingly,

    **IT IS** on this 25th day of July 2025,

    **ORDERED** Petitioner's motions for default judgment (ECF Nos. 10, 13) are **DENIED**; it is further

    **ORDERED** that the Government's request for an additional forty-five (45) days is **GRANTED** (ECF No. 12); Respondent shall file a full and complete answer to the § 2255 motion (ECF No. 1) by no later than Tuesday, September 2, 2025; it is further

    **ORDERED** that Petitioner may file and serve a reply in support of his § 2255 motion within forty-five (45) days after the answer is filed; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner at the address on file.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge